FILED
DEC 10 2015
JULIE RICHARDS JOHNSTON, CLERK
BY US DISTRICT COURT, EDNC
_____ DEP CLK

UNITED STATES OF AMERICA )
)
v. ) **ORDER**
)
SANTIAGO DE LA TORRE, )
)
Defendant. )
_____ )

This matter is before the Court on the government's appeal of the order of pretrial release of Magistrate Judge Susan E. Cox of the Northern District of Illinois. A hearing was held before the undersigned on December 9, 2015, in Raleigh, North Carolina. For the following reasons, the magistrate's ruling is affirmed, except that the requirement for a secured bond is eliminated.

## BACKGROUND

On October 8, 2015, a grand jury sitting in the Eastern District of North Carolina returned a true bill of indictment charging Mr. De La Torre with one count of conspiracy to make false statements in connection with highway projects and to commit aggravated identity theft in violation of 18 U.S.C. § 371, thirteen counts of making false statements in connection with highway projects and aiding and abetting in violation of 18 U.S.C. §§ 1020 and 2, two counts of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and one count of perjury in violation of 18 U.S.C. § 1623. [DE 1]. Mr. De La Torre was arrested in Illinois on October 21, 2015. Following a detention hearing in the Northern District of Illinois on October 26, 2015, Magistrate Judge Susan Cox found that the government did not meet its burden of proof and ordered defendant released on conditions. The conditions imposed on

defendant included surrendering his passport, posting a $150,000 bond secured by his daughter's house, limiting his travel to the Northern District of Illinois and the Eastern District of North Carolina and avoiding contact with his brother, Joel De La Torre, who is also charged with similar crimes stemming from the same incidents as defendant, as well a number of standard conditions.

At the December 9, 2015, hearing, the Court heard evidence from an agent of the Federal Bureau of Investigations who had knowledge of the case involving Mr. De La Torre. The Court relies on that testimony and the pretrial services report [DE 22] in affirming the order releasing Mr. De La Torre.

## DISCUSSION

A magistrate judge's ruling on pretrial detention is reviewed *de novo* by the district court. *United States v. Boyd*, 484 F. Supp. 2d. 486, 487 (4th Cir. 2007) (citations omitted). In doing so, the court must make an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. *See, e.g., United States v. Williams*, 753 F.2d 329, 333–34 (4th Cir. 1985). The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, states that a defendant may be detained pending trial where the United States shows "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community." 18 U.S.C. § 3142(e) and (f). The government must demonstrate by a preponderance of the evidence that defendant poses a flight risk, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996), or by clear and convincing evidence that the defendant poses a risk to the safety of any person or the community, 18 U.S.C. § 3142(f). The Bail Reform Act lists four factors courts must consider in determining whether the detention standard is met: (1) the nature of and circumstances of the

offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

At neither hearing did the government argue that Mr. De La Torre poses a danger to any person or the community. The Court agrees that the risk of danger is not implicated in this case whatsoever. The government did argue, however, that Mr. De La Torre poses a flight risk. In support of its argument, the government relied on statements made by defendant while talking to his brother, Joel, about the criminal charges Joel faced. In a recorded phone conversation, Mr. De La Torre suggested that his brother could leave the country and return to Mexico rather than face the criminal charges. This occurred before Mr. De La Torre learned that he also was a target of the investigation. The government also relied on the alleged strength of Mr. De La Torre's ties to Mexico and his undocumented entry into the United States in the early 1980s.

While it appears that the weight of the evidence against Mr. De La Torre is fairly strong, he is not charged with a violent or dangerous crime. Instead, he is charged with making false statements concerning highway projects, perjury, and aggravated identity theft.[1] Moreover, Mr. De La Torre was not the principal target of the investigation; the primary target was his brother, Joel. Mr. De La Torre only became a target following inconsistencies in statements he gave to the investigators and the Grand Jury, and he has absolutely no prior criminal history. The Court also disagrees with the government's characterization of Mr. De La Torre's ties to Mexico. He is a United States citizen, and his only family remaining in Mexico is an elderly aunt and uncle. The last time he traveled to Mexico was in 2014 to bury his mother. He has been in this country since the early 1980s and naturalized almost 20 years ago. He has a wife and family in the

---

[1] The evidence at the hearing demonstrated that the alleged aggravated identity theft is comprised of using another person's name in a business context rather than permanently assuming a false identity.

3
Case 5:15-cr-00281-BO Document 25 Filed 12/10/15 Page 3 of 5

United States and owns his home here. While the government points out that he came to this country without permission, he did so when he was a child. The Court does not agree with the government's characterization of his ties to Mexico or that his undocumented entry into the United States over 30 years ago demonstrates that he currently presents a risk of flight. In sum, the only evidence supporting Mr. De La Torre's risk of flight is the statement made to his brother about returning to Mexico.

Detention is authorized only where "no condition or combination of conditions will reasonably assure the appearance" of the defendant. 18 U.S.C. § 3142(e). The government's case for detention is weak—it has presented only one argument in support of its theory that Mr. De La Torre presents a flight risk. In light of the government's weak presentation, the Court finds that conditions exist that can mitigate whatever minimal risk of flight Mr. De La Torre presents. Accordingly, the order releasing Mr. De La Torre is affirmed. Mr. De La Torre must surrender his passport, restrict his travel to the Eastern District of North Carolina, the Northern District of Illinois (and places necessary for travel in between), have no contact with his brother Joel De La Torre, and remain under the supervision of the United States Probation Office. Of course, Mr. De La Torre is also subject to the conditions that he not commit any crime and cooperate in the collection of a DNA sample if such sample is authorized. 18U.S.C. § 3142(c)(1)(A). The Court finds that no bond is necessary to ensure Mr. De La Torre's appearance in court and eliminates $150,000 bond secured by Mr. De La Torre's daughter's house. All other findings of the magistrate judge's order releasing defendant are affirmed.

## CONCLUSION

For the foregoing reasons, the release order is AFFIRMED. Defendant is ordered released on the same conditions imposed at the October 26, 2015, detention hearing in the Northern District of Illinois, except that the Court finds that no bond is necessary to ensure defendant's appearance in court.

SO ORDERED, this 10 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE